IRVING CHAMPLIN *vs.* HENRY A. HORTON.

Under Gen. Stat. R. I. cap. 184, § 2, which gives jurisdiction: " Of all actions brought for possession of tenements or estates let, against tenants and others who have broken the terms or conditions of the lease or agreement under which they held, or who hold or occupy tenements or estates by wrongful entry or detainer, or as tenants at will or by sufferance : " Special Courts of Common Pleas have jurisdiction only in cases of letting.

EXCEPTIONS to a Special Court of Common Pleas. The case was trespass and ejectment brought before a Special Court of Common Pleas; the writ bearing date December 26, 1877. The bill of exceptions shows the following facts :

The plaintiff purchased the title of the defendant to the premises in question for one dollar, at a sheriff's sale, on an execution against the defendant levied on the premises. The plaintiff then brought this action to obtain possession of the premises thus purchased, and made due proof of the execution, levy, sale, and notice to quit.

The defendant pleaded to the jurisdiction. The plea was overruled, whereupon the defendant declined to offer evidence, but excepted to the ruling of the court.

*June* 24, 1878. DURFEE, C. J. The exceptions involve the construction of the following clause of Gen. Stat. R. I. cap. 184, § 2, to wit :

" Of all actions brought for possession of tenements or estates let, against tenants and others who have broken the terms or conditions of the lease or agreement under which they held, or who hold or occupy tenements or estates by wrongful entry or detainer, or as tenants at will or by sufferance."

The section confers jurisdiction upon Special Courts of Com-

mon Pleas over several classes of actions described in several clauses. The question is whether the clauses above recited extend to actions for the possession of tenements or estates generally when held or occupied by wrongful entry or detainer, or covers only actions for the possession of tenements or estates *let.* If we regard simply the grammatical structure of the clause, we think it must receive the narrower construction. Grammatically the first eleven words clearly qualify all that follow them. And see *Pettis* v. *Jennings,* 10 R. I. 70. It is contended that the clause contains in itself indications that it was designed to receive the broader construction, and that the argument from these indications is corroborated by the history of legislation and decision on the subject. (Digest of 1844, p. 99, § 17. An act enlarging the jurisdiction of Special Courts of Common Pleas and amending proceedings therein, January, 1852. *Dimon* v. *Arnold,* 2 R. I. 398; Rev. Stat. R. I. cap. 167, § 2; Pub. Laws R. I. cap. 332, March 2, 1860; *McCann* v. *Rathbone,* 8 R. I. 297; Gen. Stat. R. I. cap. 184, § 2.) The argument is not without plausibility, but we do not think it is conclusive enough to prevail over the plain letter of the statute. We think the jurisdiction under the clause extends only to " actions brought for possession of tenements or estates *let,*" and consequently that the exceptions must be sustained and judgment entered for the defendant for his costs.

*Exceptions sustained.*

*Bosworth & Champlin,* for plaintiff.
*Rollin Mathewson,* for defendant.